People *v.* Ebner.

---

## THE PEOPLE *v.* EBNER *et al.*

THE crime of false imprisonment is not a felony under the laws of this State.

If the indictment be for a misdemeanor, the defendant may appear and plead by attorney, and the trial may be had in his absence.

In an indictment for a misdemeanor, if the defendant appear and offer to plead by attorney, the Court has no power to enter his default and declare his recognizance forfeited.

People *v.* Ebner.

APPEAL from the Sixteenth Judicial District, Amador County.

The facts are stated in the opinion of the Court.

*J. C. Goods* and *J. W. Coffroth,* for Appellants.

It is well settled that the District Court cannot revise a judgment of forfeiture which has been entered in the Court of Sessions. The District Court has no power to question the regularity or legality of such judgment. (*People* v. *Wolf,* 16 Cal. 385.)

In this case the appellants do not question the correctness of the opinion in the case of *People* v. *Wolf,* but they do contend strenuously that they had a legal right in the District Court, as a defense to the action upon the forfeited recognizance, to prove that the defendant Heilbron was present by attorney in the Court of Sessions when called.

Can sureties who are sued in the District Court upon a recognizance forfeited by the Court of Sessions make any defense to the action ?

The District Court would surely not be revising the judgment of forfeiture entered by the Court of Sessions by hearing testimony of witnesses to prove that the defendant (for whose appearance the sureties became responsible) was dead at the time of forfeiting the recognizance, and consequently unable to appear and answer the indictment. If such testimony would be a defense for the sureties, why may they not plead any legal cause ? In this case it is admitted that the defendant was charged with a misdemeanor, and that he appeared by counsel when called for arraignment. Having thus appeared, appellants contend that it was a good and sufficient defense to the action in the District Court.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action upon a forfeited recognizance, executed by the defendants as sureties for one A. Heilbron, for his appearance to answer to an indictment for the crime of false imprisonment. On the trial the plaintiff introduced in evidence the record of the Court of Sessions of Amador County, in which the indictment was pend-

ing, relating to the default of the party charged with the offense, which showed that when the case was called the defendant Heilbron appeared by attorney, though not in person, and tendered to the Court a plea of not guilty to the indictment; but the Court refused to accept the plea, and, on motion of the District Attorney, he was three times called at the window of the court-house, and not appearing in person his default was entered, and his recognizance declared forfeited. The defendants in this action, upon the production of this record, insisted that the defendant in the indictment had a right to appear and plead to it by attorney, and that his personal presence was not necessary—the offense charged being a mere misdemeanor, and not a felony; but the Court below overruled their objection and rendered judgment for the plaintiffs, from which the defendants appeal.

Sec. 259 of the Criminal Practice Act provides that: "If the indictment be for a felony, the defendant must be personally present; but if for a misdemeanor, his personal presence is unnecessary, and he may appear upon the arraignment by counsel." Sec. 320 also provides: "If the indictment be for a misdemeanor, the *trial* may be had in the absence of the defendant; but if for a felony, he must be personally present." So, also, Sec. 415 provides that in cases of misdemeanor the *verdict* may be rendered in the absence of the defendant. A forfeiture must be strictly proved. The record discloses that the Court of Sessions had no power or authority to enter a default, or to declare the recognizance forfeited.

The judgment is therefore reversed, and the Court below is directed to dismiss the action.