[Civ. No. 6260. Fourth Dist. Dec. 18, 1959.]

GEORGE E. WADEY, Appellant, v. JUSTICE COURT, UPLAND JUDICIAL DISTRICT, COUNTY OF SAN BERNARDINO et al., Respondents.

Fleming & Anderson for Appellant.

Lowell E. Lathrop, District Attorney, and K. L. Pike, Deputy District Attorney, for Respondents.

MONROE, J. pro tem.*—The petitioner George E. Wadey sought a writ of mandamus to compel the Justice Court of Upland Judicial District to return to petitioner the sum of $19, which he alleges was excessive bail required of him by the court. A demurrer to the petition was sustained without leave to amend and from judgment thereon against petitioner this appeal is taken.

It appears from the petition that in February, 1957, appellant was driving a motor vehicle upon a public highway in the City of Upland; that he was stopped by a peace officer who wrote a ticket for violation of California Vehicle Code, sections 510 and 511.† Upon refusal of petitioner to sign the ticket he was taken to the police station and a sergeant in charge communicated with Judge Hutton of Cucamonga, who fixed petitioner's bail at $25. Hearing was set in the Justice Court, Upland Judicial District for February 21, 1957, and upon failure of petitioner to appear his bail was forfeited. Petitioner charges that no notice of the hearing was served upon him and he complains that the bail was excessive in that the scheduled bail for the alleged offense was but $6.00. Petitioner permitted more than 90 days to elapse before he made any further inquiry regarding the matter, at which time he was informed that by reason of his failure to appear his bail had been forfeited.

---

*Assigned by Chairman of Judicial Council.

†Vehicle Code citations refer to sections as numbered prior to the 1959 recodification.

428

Petitioner relies upon the provisions of section 737.2 of the Vehicle Code which has subsequently been repealed, which provided for the magistrates fixing a schedule of bail for violations of the Vehicle Code. It is alleged that the amount fixed for a violation of section 510 of the Vehicle Code was the sum of $6.00 and petitioner claims, therefore, that the bail was excessive.

It is to be noted, however, that the provision of the Vehicle Code then in effect for setting up a schedule of bail to be charged was for the guidance of peace officers and other officials in case a magistrate was not then available. This provision had nothing to do with the matter of fixing bail by the magistrate. Under Pen. Code, section 1275, the amount of bail to be fixed by a magistrate is discretionary. Ordinarily speaking, the court will not interfere with the discretion of an inferior court in fixing bail. (*In re Tsuji Horiuchi,* 105 Cal.App. 714 [288 P. 708].) In this instance, it is obvious that fixing bail at $25 in the case of a defendant who refused to sign the ticket written by the peace officer was within the sound discretion of the justice.

 Although it is alleged in the petition that no notice was served upon petitioner of the time set for his appearance, there is no allegation that he did not know the time nor is there allegation that the time was not set when bail was posted, as provided by section 738 of the Vehicle Code. The presumption that official duty was done in this regard must, therefore, govern. (Code Civ. Proc., § 1963, subd. 15.)

 It was held in *Hilmer* v. *Superior Court,* 220 Cal. 71 [29 P.2d 175] that "It is well settled that *mandamus* will not lie to control the discretion of a court or judicial officer or to compel its exercise in a particular manner, except in those rare instances when under the facts it can be legally exercised in but one way." (*Lincoln* v. *Superior Court,* 22 Cal.2d 304 [139 P.2d 13].)

 Furthermore, by the express provisions of Penal Code Section 1305 there was allowed to the petitioner a period of 90 days within which he could have appeared and caused a reopening of the case and a trial thereof, and if dissatisfied with the result he could have appealed in the regular manner. It is well settled that where there is a convenient and adequate remedy of law that mandamus will not lie.

 "And the fact that such a legal remedy has been lost by reason of neglect does not require the granting of the writ,

in the absence of a sufficient showing of excuse for failure to pursue the legal remedy.'' (32 Cal.Jur.2d 153.)

In point is *Andrews* v. *Police Court*, 21 Cal.2d 479 [133 P.2d 398, 145 A.L.R. 1042]. The petitioner ignored the matter of the charge against him, made no appearance at the time of hearing, and permitted 90 days to expire without making any inquiry.

It follows, therefore, that there existed no ground for the issuance of a writ of mandamus and the ruling of the superior court sustaining the demurrer without leave to amend was correct.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.