[Civ. No. 27458.    Second Dist., Div. One.    Oct. 22, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT L. ROSS et al., Defendants; WABASH FIRE AND CASUALTY INSURANCE COMPANY, Real Party in Interest and Appellant.

Kenneth Foley for Real Party in Interest and Appellant.

Harold W. Kennedy, County Counsel, and John J. Collins, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Defendants.

WOOD, P. J.—The Appellate Department of the Superior Court of Los Angeles County certified this case for transfer to this court.

Defendants Ross, LaRue, and Pope were accused in a complaint filed by the City Attorney of Los Angeles with violating section 415 of the Penal Code, a misdemeanor (disturbing the peace). Defendants were arraigned and were released on bail—$105 each as to Ross and LaRue, and $525 as to Pope. The case was set for trial on October 17, 1962, and on that day the motion of Pope for a separate trial was granted, and the case as to her was continued to November 14, 1962. The case as to the two other defendants was submitted on the arrest report. Ross was adjudged not guilty. The case as to LaRue was continued to November 14.

On November 14, 1962, when the case was called for trial the defendant LaRue was present; and the defendant Pope was not present but was represented by counsel. The court made an order forfeiting defendant Pope's bail of $525. It was ordered that the bench warrant for Pope which was then issued be held until November 26. The complaint, as to LaRue, was dismissed for lack of prosecution.

On November 26, when defendant Pope and her counsel were in court regarding the bail forfeiture, the date of trial was continued to December 12, and the defendant was released on her own recognizance.

On December 12 the complaint, as to Pope, was dismissed for lack of prosecution.

On February 18, 1963, on motion of an attorney representing the bonding company (appellant herein), the court made an order setting aside the bail forfeiture, and made an order

exonerating bail. (This was 94 days after the order forfeiting bail. Section 1305 of the Penal Code provides, in part, that within 90 days after an order forfeiting bail the court may under certain circumstances set aside the forfeiture order.)

On March 12, 1963, the bonding company (appellant herein), pursuant to notice, made a motion for a *nunc pro tunc* order to set aside bail forfeiture and to exonerate bail. The motion was denied.

The bonding company appealed from the order of March 12, 1963, denying its motion.

As above shown, the order of February 18, 1963, setting aside the bail forfeiture, was made 94 days after the forfeiture order was made on November 14. It appears that the People, acting through the County of Los Angeles, ignored the order of February 18 setting aside the forfeiture, and demanded payment of the bond forfeiture. Thereafter, the bonding company made its motion for a *nunc pro tunc* order which would show that it had made application to set aside the forfeiture. (Apparently the company was referring to the proceeding of November 26 as such an application, — on which date, 12 days after the forfeiture, the court made an order releasing defendant Pope on her own recognizance.)

Section 1043 of the Penal Code provides: "The defendant must be personally present at the trial; provided, that in case of a misdemeanor charge, if he absents himself with full knowledge that a trial is to be or is being had, the trial may proceed in his absence. ..."

The following portions of this opinion are adopted from the appellate department opinion prepared by Presiding Judge Swain: "The defendant Pope was not in default for failure to appear at the trial and the court was without authority to forfeit her bail. *People* v. *Ebner* (1863) 23 Cal. 158; *People* v. *Budd* (1881) 57 Cal. 349. In the latter case the court said, p. 351: 'In this case no such application [i.e. application that the defendant be ordered into court for the trial] was made by the district attorney, and no order of the Court was entered requiring the personal attendance of the defendant. In view of the facts of this case, and the foregoing provisions of the Penal Code relating to proceedings in criminal cases, it is clear to our minds that the defendant was not required to be personally present at the trial, and that there was no provision of law which prevented the Court from proceeding with the trial of the case in the defendant's absence. It was no part of the conditions of the undertaking

given by the defendants, that the defendant should be present at the trial, and therefore the failure of the defendant to be present in Court when his case was called for trial constituted no breach of the conditions of the undertaking.'

"The following cases do hold that a municipal court may order bail forfeited where defendant fails to appear therein for a misdemeanor trial: *People* v. *New Amsterdam Casualty Co.* (1931) 112 Cal.App. 293 [296 P. 653]; *Pacific Indemnity Co.* v. *Superior Court* (1929) 102 Cal.App. 566 [283 P. 345]; *Pacific Indemnity Co.* v. *Municipal Court* (1929) 102 Cal. App. 797 [283 P. 347]. The reason for this is stated at p. 569 of 102 Cal.App., *supra*: 'It was there [*People* v. *Aymar*, 98 Cal.App. 1 (276 P. 595)] held, for reasons fully explained, that section 1043 relates to Superior Courts only, and that section 1434 applies to Municipal Courts and to the inferior courts.' Penal Code 1434 was repealed in 1951 and in that year Penal Code 690 was enacted which now makes Penal Code 1043 apply to municipal and inferior courts. Another case which appears to make Penal Code 1043 inapplicable is *Wadey* v. *Justice Court* (1959) 176 Cal.App.2d 426 [1 Cal. Rptr. 382] but that case deals with a charge of speeding in violation of the Vehicle Code. Vehicle Code 40512, formerly Vehicle Code 739, subd. e, provides: 'If at the time when the case is called for arraignment before the magistrate the defendant does not appear, either in person or by counsel, the magistrate may declare the bail forfeited and may in his discretion order that no further proceedings be had in the case.' This gives the court in a traffic-case misdemeanor authority to forfeit bail which it does not have under Penal Code 1043.

"All of the foregoing means that the law as stated in *People* v. *Ebner, supra*, 23 Cal. 158 and *People* v. *Budd*, *supra*, 57 Cal. 349, is now the proper interpretation to put on Penal Code 1043 as far as forfeiture of bail in misdemeanor cases is concerned. In the case at bar as in *People* v. *Budd*, *supra*, there was no order that the defendant be in court at the time of trial. It is clear that she lawfully absented herself from the trial. This is important in connection with Penal Code 1305, which states: 'If, *without sufficient excuse*, the defendant *neglects* to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is *lawfully required . . . bail . . . must . . . be . . . forfeited*.' The section further provides: 'if at any time within 90 days after such entry in the minutes, the defendant and his bail appear, and satisfactorily excuse the defendant's *neglect*

. . . the court may direct the forfeiture . . . to be discharged upon such terms as may be just.' (Emphasis added.) In the case at bar Penal Code 1305 did not authorize the court to forfeit defendant's bail, because (1) she was not required to appear at the trial and (2) she did not *neglect* to appear at the trial; she exercised her right not to appear. The court, therefore, had no authority to order her bail forfeited.

"It follows from the foregoing, that the order was void on its face and the 90-day limit for setting aside the forfeiture does not apply. Therefore, it may be set aside *at any time* by the court that made it, on the ground that it is void. *Luckenbach* v. *Krempel* (1922) 188 Cal. 175 [204 P. 591] ; *Morgan* v. *Clapp* (1929) 207 Cal. 221 [277 P. 490] ; *Wiencke* v. *Bibby* (1910) 15 Cal.App. 50 [113 P. 876]. ▄▄ Code of Civil Procedure 473, prescribing a. 6-months' limitation period, does not apply to a void order, but only to valid orders from which a party is seeking relief on the grounds of inadvertence, mistake or excusable neglect. *Wellborn* v. *Wellborn* (1942) 55 Cal.App.2d 516 [131 P.2d 48]. . . .

"The order of February 18, 1963, setting aside the forfeiture and exonerating the bail bond was a valid order." (This is the end of quotation from appellate department opinion.)

▄▄ The motion of March 12, 1963, for a *nunc pro tunc* order exonerating the bond was not necessary, but it cannot be said that the judge of the municipal court erred in denying the motion. It might well be that the judge considered that he had not inadvertently failed to vacate the forfeiture at an earlier date. Also, it might well be that he considered that he was not empowered to declare the forfeiture in the first place, and that the forfeiture order was void. Affirmance of the order denying the motion for a *nunc pro tunc* order means that the court was not required to make a *nunc pro tunc* order, and that the court would have been justified in denying the motion on the ground that the order vacating the forfeiture was valid. After affirmance of the order denying the motion for a *nunc pro tunc* order, the order of February 18, 1963, continues to stand as a valid order vacating the forfeiture.

The order denying the motion for a *nunc pro tunc* order is affirmed.

Fourt, J., and Lillie, J., concurred.