69 Cal.Rptr. 761]

**Appellate Department, Superior Court, Santa Clara**

[Civ. A. No. 411. June 20, 1968]

THE PEOPLE, Plaintiff and Appellant, v. JACKIE CARUSO SEMECAL, Defendant and Respondent; UNITED BONDING INSURANCE COMPANY, Bail Bondsman and Respondent.

Louis P. Bergna, District Attorney, and John Schatz, Assistant District Attorney, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Virginia Mae Days for Bail Bondsman and Respondent.

HALL, P. J.—The People have appealed from an order reinstating bail after forfeiture. The real party in interest here is respondent United Bonding Insurance Company.

The issue presented concerns the trial court's authority to forfeit an alleged misdemeanant's bail where, without explanation, the defendant failed to appear for trial, either personally or by counsel. The resolution of that question raises a subsidiary question: May a defendant charged with a misdemeanor as contrasted with a felony be lawfully required to appear for trial?

The factual record giving rise to the foregoing issue is summarized as follows:

On May 31, 1967, the defendant Semecal appeared for arraignment without counsel. She had previously been released on a surety bail bond posted by the respondent. She

was advised of her constitutional rights, pleaded not guilty, and demanded a jury trial. The trial date was set for June 26 at 9 a.m., whereupon the court said: "You are ordered to be personally present at that time ready to proceed to trial, June 26, at 9. Mr. Bailiff, will you write the date and time down for the defendant."

The trial date at the request of the district attorney was postponed to July 3. On that date, at 9 a.m., the defendant was again personally present in court, accompanied by Mr. Philip Hammer, her attorney, who stated he was appearing in behalf of the defendant at the request of her counsel of record Mr. Elwood Levitt. The defendant, with the consent of the district attorney, waived the statutory time for trial and the trial was continued to July 17 at 9 a.m.

When the case was called on that date, there was no appearance by the defendant personally or by counsel, nor was any excuse for the nonappearance communicated to the court. On the court's own motion bail was ordered forfeited. At 2 p.m. on the 17th, Miss Virginia Days presented herself to the court, she being the attorney who is presently representing respondent herein. She advised the court that she appeared at the personal request of the defendant. She said that the defendant thought the trial was calendared for 2 p.m. rather than 9 a.m. The court volunteered that it too had received a personal communication from the defendant. Miss Days requested a trial resetting until August 1, together with an order setting aside the forfeiture. Both requests were granted, and again the court ordered that defendant be personally present for trial. Counsel was instructed to convey that order to the defendant.

When on August 1, there was, for the second time, no appearance by the defendant either personally or by counsel and no excuse for the nonappearance having been presented to the court from any source, bail was again ordered forfeited. It is this last order of forfeiture which has become the subject of our attention.

Seasonably, and on notice to the district attorney, respondent presented its formal motion for relief on dual grounds: The first was premised upon the concept that one charged with a misdemeanor cannot by statute or court order be lawfully required to appear for trial and that the court was thus without authority to order forfeiture. Respondent argued that the proper course of procedure would have been to try the defendant in absentia, as permitted by Penal Code, section

1043, or in an abundance of caution to first continue the case for investigation and determination as to whether or not defendant's absence was occasioned by misadventure, or on the other hand was with full knowledge that a trial was to be had, in which latter event her absence should be construed as the exercise of a lawful right of nonappearance.

Respondent's second ground for relief was based upon the introduction of a letter from the sheriff's office at Reno, Nevada, dated August 24, by which it appeared that the defendant was in civil custody of Nevada authorities, having been arrested on August 19 and charged with a felony. The letter also recited that a "hold" had been placed on the defendant for Santa Clara County authorities. It was argued that this proof showed respondent's inability, without connivance, to produce the defendant in court and thus, within the purview of Penal Code, section 1305, bail should be exonerated.

The trial court agreed with the respondent's first contention and premised its order reinstating bail upon the ground that the order of forfeiture was void on its face, there being, it believed, no lawful basis for requiring the defendant to appear at her misdemeanor trial. It is also indicated by the record of its oral opinion that the trial court did not pass upon respondent's second contention, either by way of factual finding or legal conclusion. It did, however, impliedly make the parenthetical expression that respondent's application for exoneration of bail was premature in that a substantial number of days yet remained of the 180-day period of grace provided by Penal Code, section 1305 within which the defendant might be released from Nevada custody to the effect that the bondsman could produce her in court.

The two code sections which are of primary and controlling application to the foregoing record are in pertinent part as follows: Penal Code Section 1043. "The defendant *must* be personally present at the trial; provided, that in case of a misdemeanor charge, if he absents himself with full knowledge that a trial is to be or is being had, the trial may proceed in his absence." (Italics added.)

Penal Code Section 1305. "If, *without sufficient excuse*, the defendant *neglects* to appear for arraignment or for *trial* or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court *must* direct the fact to be entered upon its minutes and the undertaking of bail, or the

money deposited instead of bail, as the case may be, *must* thereupon be declared forfeited." (Italics added.) ·

The foregoing sections were amended to their present form by the Legislature of 1951 and each was given application to all criminal actions in all courts, with certain exceptions not pertinent here (Pen. Code, § 690). Many of the provisions of Penal Code, sections 1043 and 1305 are of much earlier statutory origin than the amendments of 1951. Numerous cases originating before and after 1951 have discussed and interpreted the statutory provisions relating to bail, its forfeiture, and trial in absentia. An excellent historical review of the statutory and case law relating to these procedural problems has been accomplished by Mr. Justice Bray in his opinion deciding *In re Baird* (1957) 150 Cal.App.2d 561 [310 P.2d 454, 68 A.L.R.2d 628]. It occurs to us that the simple factual situation disclosed here must in practice be of identical and infinitely frequent occurrence.

If our experience did not dictate to the contrary, one might conjecture that with the freedom to appeal that our system implies, every conceivable situation concerning bail and its implications would have been resolved ere now. Somehow the simple and clear-cut issue presented here has escaped the fine mesh of judicial screening for more than one hundred years. Research has failed to disclose any single decision wherein there is even a proximate duplication of the record presented by this appeal. It thus appears that the matter before us is one of first impression.

Lacking any completely directive precedent, this court has been required to accomplish its own interpretation of the procedural statutes. Penal Code, sections 1043 and 1305. In that pursuit constitutional provisions have been considered, the basic purpose of bail has been reviewed and finally direction has been derived from decisions wherein related problems have been resolved.

Based upon these considerations, it is an inescapable conclusion that the trial court was under a mandatory duty to order a forfeiture of bail under the circumstances shown here when the defendant, without any explanation, failed to appear either personally or by counsel at the time set for trial. That result flows from the directive language of Penal Code, sections 1043 and 1305. Construed together it must be concluded that these two sections are not only compatible with the constitutional guarantee of due process, but also consti-

tute an appropriate legislative design to assure the orderly administration of the judicial process.

Our analysis begins with the constitutional provision that: "In criminal prosecutions, in any court whatsoever, the party accused shall have the right . . . to appear and defend, in person and with counsel." California Constitution, article I, section 13.

While that basic and fundamental right to appear and defend flows from the Constitution, there is no reciprocal constitutional authority to be absent. The right of absence, if there be such right, is derived from the Legislature. In reviewing the language of these two statutes, it is clear that the Legislature has confirmed the constitutional right to be present. On the subject of absence, however, the Legislature has made a distinction apparently based on a public policy consideration. It has said that where the charge amounts to a felony, the defendant must be present at all stages of the trial. In a portion of Penal Code, section 1043 not hereinabove quoted, it is added that the absence during the trial of one charged with a felony shall require a mistrial and retrial of the cause. On the other hand, an alleged misdemeanant has been placed in a separate procedural category. It is quite clear that the Legislature weighed the possible burden upon the defendant charged with a lesser crime, were he absolutely required to appear, as opposed to the possible good to be derived from his appearance. As to him, if he desires, it has said that the trial may proceed in his absence.

The right to be absent, however, has been made conditional. It must be shown that "he absents himself with full knowledge that a trial is to be or is being had." The further conditional nature of his right to be absent appears from the language of Penal Code, section 1305 where it is said "[i]f, without sufficient excuse, the defendant neglects to appear for arraignment or for *trial* or judgment, or upon any other occasion when his presence in court is lawfully required . . . the court *must* direct the fact to be entered upon its minutes and the undertaking of bail or the money deposited instead of bail, as the case may be, *must* thereupon be declared forfeited. . . ." The reasonable interpretation of the foregoing language leads to the conclusion that the Legislature foresaw the danger to the orderly administration of judicial process if defendants' right to be absent had been granted unconditionally. By imposing conditions it forestalled the dilemma that would occur for the court if it has no alternative but to

try the defendant in his absence or continue the case for investigation as to the reason for the unexplained absence. In such a situation if the court were required to grant a continuance a defendant could at his whim delay or perhaps forever halt society's inherent right to prosecute.

It would be equally inappropriate were the court limited to the only other alternative. Proceeding with a trial in absentia would of necessity imply a finding that the defendant had knowingly waived his constitutional right to be present. There would be no safeguard that such a defendant's unexplained absence would not later inure to benefit his claim of misadventure, that his absence was excusable, and that due process required a retrial in his presence.

Mere absence standing alone is purely equivocal. Particularly would that be so when, as here, the defendant specifically asked for a trial date and one was selected for her convenience. In that state of the record, an unexplained absence points less strongly to a waiver than it does to possible misadventure and inability to appear. There is a long line of case authority to the effect that there is a presumption against the waiver of constitutional rights. The right to be present at trial is one of these rights. It has been repeatedly held that for a waiver to be effective it must be clearly established to have been " 'an intentional relinquishment or abandonment of a known right or privilege.' " *Brookhart* v. *Janis* (1966) 384 U.S. 1, 4 [16 L.Ed.2d 314, 317, 86 S.Ct. 1245].

Courts indulge in every reasonable presumption against waiver of fundamental rights and do not presume acquiescence in the loss of fundamental rights. *Johnson* v. *Zerbst* (1938) 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357]; *Cross* v. *United States* (1963) 325 F.2d 629 [117 App.D.C. 56]; and *Cuevas* v. *Wilson* (N.D. Cal. 1966) 264 F.Supp. 65, 73. Whether or not there has been an intelligent waiver must depend in each case on the particular facts and circumstances surrounding the event. *United States* v. *Drummond* (2d Cir. 1965) 354 F.2d 132, 148.

The reasonable interpretation of these statutes shows recognition of the concept that the defendant's right of appearance shall not be deemed waived unless it be shown that he is absenting himself "with full knowledge that a trial is to be or is being had" (Pen. Code, § 1043) and that his nonappearance must be based on something more than neglect and that a "sufficient excuse" must be shown. (Pen. Code, § 1305).

It is this court's conclusion that the Legislature has placed the burden upon the defendant to show a sufficient excuse for his absence. The Legislature has at once created a right and a reciprocal duty. To avail himself of the right, such a defendant must at or before the time of its exercise show clearly and convincingly that he has waived his constitutional right of presence. The Legislature has not said that an alleged misdemeanant must be present for trial in all events, but it has said that he will either be present or in the alternative give sufficient evidence of his waiver. That interpretation of legislative intent is drawn from the mandatory requirement of the statute that bail *must* be forfeited absent "satisfactory excuse."

These conclusions are justified by consideration of the purpose of bail. The standard and oft repeated rationale is that bail is "to ensure the personal presence of the defendant at all stages of the proceeding where his presence is lawfully required." See, e.g., *Williams* v. *Superior Court* (1964) 226 Cal.App.2d 666 [38 Cal.Rptr. 291].

As appears from the foregoing discussion, the trial of the cause must be one of the stages of the proceedings where personal presence can be lawfully required because lacking that presence or a clear showing of waiver, the prosecution may not safely proceed. In *Williams, supra,* and kindred cases, the broad definition of bail implies its purpose to be that of a tool to assure the ability of society to protect itself by lawfully conducted criminal prosecution. In that light its purpose cannot be narrowly construed as a mere guarantee of defendant's presence at the time for punishment, but rather it must be intended to ensure the orderly administration of justice.

In passing, we conclude that the order of the court herein requiring this defendant's appearance added nothing to the procedural requirement except to serve as a ready reminder to the defendant of her statutorily imposed obligation. Far from being unlawful, the order was in accord with the provisions of the statutes. It was not more onerous than the statutes themselves because the requirement of presence imposed by the statutes and the order could easily have been avoided by appropriate action on the defendant's part.

The conclusions hereinbefore expressed find support in the holdings of our appellate courts. By way of example, one such case is *In re Baird* (1957) 150 Cal.App.2d 561 [310 P.2d 454, 68 A.L.R.2d 628], in which Penal Code, section 1043 was construed and a hearing in the Supreme Court was denied. The

defendant therein charged with a misdemeanor had been arraigned and urged to secure counsel. A trial date was set, at which time he failed to appear, either personally or by counsel. Just prior to the trial date a letter written by him addressed to the district attorney was presented to the court in which he in effect stated that he did not intend to appear for trial because he had been called out of town. After directing efforts to locate the defendant, the court appointed counsel in his behalf and proceeded to try the case in his absence. He was found guilty and thereafter complained that the trial in absentia amounted to a denial of due process. The trial court's action was affirmed.

In *Baird, supra,* as distinguished from the case at bar, the court concluded that the defendant was shown by his conduct to have deliberately and intentionally and without lawful excuse failed to appear. It held that the trial court was presented with sufficient evidence to show an intentional waiver of his constitutional right. Of interest to us here is the court's further observation that the trial could not have safely proceeded in absentia unless the circumstances showed, as they did, that the defendant was deliberately absenting himself (p. 569). The philosophy expressed in *Baird* is also very pertinent here because of its approval of the authorities cited therein. These authorities express the concept that an accused person protected by all of the several guarantees that can be contrived by our society cannot with impunity defy the processes of law, paralyze the proceedings of courts and juries and turn them into a solemn farce. (P. 688, approving language contained in *Diaz* v. *United States* (1912) 223 U.S. 442 [56 L.Ed. 500, 32 S.Ct. 250].)

In *Baird,* the court was doubtful that the remedy of forfeiture of bail was available; that doubt must be understood in the factual context that the defendant had there clearly indicated his intention not to appear, thereby permitting the trial to proceed. We agree with that concept. But, in the circumstances before us, we conceive that under the rule of *Baird,* the trial court would have had no right to proceed in the defendant's absence and that its only right and in fact its duty was to forfeit bail.

Our review of case authority indicates no holding antagonistic to the conclusion we have drawn. The respondent has selected isolated statements from several cases, but these are taken out of context and without consideration of the differ-

ing facts in each case or the statutes then in force. *People* v. *Budd* (1881) 57 Cal. 349, is such an example; in that case the court overturned an order forfeiting bail. Penal Code, section 1043 as then written provided that a trial in the absence of the defendant could be had unless the district attorney requested an order requiring his appearance. No such request was made and no order was entered. The case therefore does not substantiate the proposition that bail under the present circumstances and existing statutes cannot be forfeited for the unexplained failure of the defendant to appear.

*People* v. *Ebner* (1863) 23 Cal. 159, has also been cited by respondent. In so doing, provisions of the then existing law have been ignored as well as the recorded fact that forfeiture had been ordered even though defendant appeared by counsel. That case today stands for the proposition that the requirement of appearance in a misdemeanor case is satisfied when the defendant chooses to appear by counsel rather than personally.

We are referred to a more recent authority, *People* v. *Ross* (1963) 221 Cal.App.2d 443 [34 Cal.Rptr. 505]. That case cited *Ebner, supra,* and as in *Ebner,* the court found that the defendant did not neglect to appear when in fact she was represented at the time of trial by counsel. In that situation it declared that the forfeiture ordered was void. *Ebner* and *Ross* are not controlling here because the defendant in each case had, through the appearance of counsel, clearly shown a waiver of the constitutional right of personal appearance.

As indicated from the foregoing discussion, it is this court's conclusion that the order granting relief from forfeiture cannot be sustained on the ground that the earlier order forfeiting bail was void. We are, however, mindful that respondent prayed for relief on a second ground. Its contention there was based upon defendant's detention by civil authorities. In *People* v. *Hadley,* 257 Cal.App.2d Supp. 871 [64 Cal.Rptr. 777] (Santa Clara County Appellate Div., Crim. A 401 Oct. 31, 1967), this appellate department has recently held that civil detention though by authorities outside of California can, under appropriate showing, become a basis for granting relief pursuant to provisions of Penal Code, section 1305, not hereinbefore quoted.

█ It is ordinarily true that an appellate court need not concern itself with the reasons which impelled the trial court to act, as it is the judicial action as shown by findings and judgment and not the judicial reason or argument which is

the subject of review. Here, however, it clearly appears from the record that the order was based solely upon an erroneous legal concept and that the trial court specifically indicated that it did not intend to weigh the evidence or otherwise consider the companion ground which presented a tenable theory for relief. If the trial court had considered the second ground and weighed a sufficiency of evidence, we could perhaps let the order stand, even though it was predicated upon an erroneous theory. Because that was not accomplished and since the evidence to support respondent's alternative theory must be weighed at the trial level and not here, this court has no alternative but to disaffirm the order here in question. *Smith* v. *Fetterhoff* (1956) 140 Cal.App.2d 471, 473 [295 P.2d 474]; *Gosnell* v. *Webb* (1943) 60 Cal.App.2d 1, 5 [139 P.2d 985]; 3 Witkin, California Procedure (1954) at page 2234, et seq.

In view of the foregoing, the order is reversed and the cause is remanded with direction that respondent's motion is entitled to be reheard, in which event the trial court will be guided by this opinion and that expressed in *People* v. *Hadley, supra.* In that process it may also consider respondent's contention that bail should have been exonerated rather than reinstated. Guidelines for that latter inquiry are also found in *Hadley, supra.*

Costs will be assessed to the respondent.

Anello, J., and DeMarco, J., concurred.