Filed 2/1/16

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S218712 |
| v. | ) | |
| | ) | Ct.App. 2/8 B243773 |
| SAFETY NATIONAL CASUALTY | ) | |
| CORPORATION, | ) | |
| | ) | Los Angeles County |
| Defendant and Appellant. | ) | Super. Ct. No. LA066432 |
| _____ | ) | |

When a defendant facing criminal charges is released on bail and fails to appear as ordered or as otherwise required and does not have a sufficient excuse, a trial court must declare the bail bond forfeited. (See Pen. Code,[1] § 1305, subd. (a) (section 1305(a).) A defendant's required appearances include arraignment, trial, judgment, and, as relevant here, "[a]ny other occasion" where the "defendant's presence in court is lawfully required." (*Ibid*.) Though not expressly governing bail forfeitures, section 977, subdivision (b)(1) (section 977(b)(1)) provides that a felony defendant must be present at five specified proceedings and at "all other proceedings" unless he or she has properly executed a written waiver. (See *People v. Gutierrez* (2003) 29 Cal.4th 1196, 1203.)

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

The question here involves the interplay, if any, between section 1305(a) and section 977(b)(1): If a defendant fails to execute a written waiver of personal presence, does his or her nonappearance at a scheduled pretrial proceeding constitute a basis to forfeit bail under section 1305(a)? The answer is yes. As we explain below, section 977(b)(1)'s requirement of personal presence at "all other proceedings" gives rise to a "lawfully required" appearance under section 1305(a). Therefore, unless a defendant has properly executed a written waiver of personal presence (§ 977(b)), or has a "sufficient excuse" for his or her absence at a scheduled proceeding (§ 1305), the trial court must declare any bail forfeited.

We reverse the Court of Appeal's judgment and remand for proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

In November 2010, Elshaddai Machabeus Bent was charged with felony drunk driving. His bail was set at $25,000, and the bail bond was executed by Safety National Casualty Co. (Safety National), through its agent, High Five Bail Bonds. Between November 2010 and April 5, 2011, Bent and his attorney appeared at several hearings before different judges or court commissioners. At a March 1, 2011 arraignment hearing, the trial court entered Bent's plea of not guilty and then asked Bent's attorney his preference for a pretrial date. Defense counsel suggested April 5, and the trial court set the pretrial conference for that date.

On April 5, 2011, Bent appeared before Judge Martin L. Herscovitz for the first time. The trial court stated on the record: "We had a discussion about settling the case and also scheduling, and we agreed to put the case over to May 2nd, with the understanding that any trial would be within 45 days of that day." Bent later waived his right to a speedy trial, and the trial court stated that "bail will stand."

2

Defense counsel, however, indicated that April 29 was a better date than May 2, and the trial court continued the hearing until then.

On April 29, 2011, Bent did not appear at the hearing. His attorney informed the court that she could not contact Bent either that morning or the previous evening. The trial court ordered that "with no good cause for his non-appearance, bail is forfeited," and issued a bench warrant in the amount of $50,000. Based on its representation of good cause, Safety National subsequently sought a 180-day extension (§ 1305.4) to extend the original 180 days in which to seek vacation of the forfeiture order if Bent was returned to custody (§ 1305, subd. (c)(1)). The trial court granted the motion in November 2011, extending Safety National's time to vacate the forfeiture until May 2, 2012.

On January 13, 2012, Safety National moved to vacate the bail forfeiture on grounds that the trial court lacked jurisdiction. It maintained that defendant Bent was not ordered to appear at the April 29, 2011 hearing, nor was his presence at that hearing required by law. Denying the motion, the trial court reasoned, among other things, that Safety National should have raised the jurisdictional issue at the time the court extended the date to vacate the forfeiture, and that the court's statement that "bail will stand" was an order for defendant to appear.

The Court of Appeal reversed. It held that section 977 had "no bearing on a defendant's obligation to appear at certain trial court proceedings in order to maintain his status on bail." Because the Court of Appeal concluded that section 977 did not provide the basis for defendant Bent's mandatory appearance, it discussed whether defendant was compelled to appear by court order or otherwise. The Court of Appeal rejected the People's assertion that the trial court's statement that "bail will stand" constituted an order that defendant appear at the next hearing.

3

We granted review limited to the statutory interpretations of section 977 and 1305 in this context.

## DISCUSSION

The forfeiture of bail and related proceedings are a matter of statutory procedure governed by sections 1305 through 1308. (See *County of Sacramento v. Insurance Co. of the West* (1983) 139 Cal.App.3d 561, 564-565.) "The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court." (*People v. Wilcox* (1960) 53 Cal.2d 651, 656-657.) "While bail bond proceedings occur in connection with criminal prosecutions, they are independent from and collateral to the prosecutions and are civil in nature." (*People v. American Contractors Indemnity Co*. (2004) 33 Cal.4th 653, 657.) In that regard, the bail bond itself is a " 'contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond.' " (*Ibid*.) When a defendant who posts bail fails to appear at a scheduled hearing, the forfeiture of bail implicates not just the defendant's required presence, but constitutes a "breach of this contract" between the surety and the government. (*Id*. at pp. 657-658.) Ultimately, if the defendant's nonappearance is without sufficient excuse, it is the surety who "must suffer the consequences." (*People v. Allen* (1994) 28 Cal.App.4th 575, 580.)

Section 1305(a) provides in pertinent part: "(a) A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) *Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required*. [¶] (5) To surrender himself or herself in execution of the judgment after appeal." (Italics added.) These two jurisdictional prerequisites —

4

specifically, the defendant's failure to appear at an enumerated proceeding or on another occasion as "lawfully required," and the lack of a sufficient excuse for the defendant's nonappearance — must be met before the trial court may declare a forfeiture. (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 905.) If the court fails to declare a forfeiture *at the time* of the defendant's unexcused absence, it is without jurisdiction to do so later. (*Id.* at p. 907 ["trial court was under a compulsion to 'thereupon' declare a forfeiture"]; see *People v. Bankers Ins. Co.* (2010) 182 Cal.App.4th 582, 586 ["trial courts exercise a limited discretion in ordering bail forfeitures"].) However, the trial court may continue a case for a reasonable period without ordering a forfeiture of bail or issuing a bench warrant, if it "has reason to believe that sufficient excuse may exist" for the defendant's failure to appear. (§ 1305.1; see *People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 951.)

For purposes of section 1305(a), a defendant's presence may be deemed "lawfully required" when a specific court order commands his or her appearance at a date and time certain (see *People v. Classified Ins. Corp.* (1985) 164 Cal.App.3d 341, 344; cf. *People v. Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118, 122), or when a defendant has actual notice of a mandatory appearance — even without a court order — because he or she was present when the date and time of the appearance was set (see *People v. American Bankers Ins. Co.* (1990) 225 Cal.App.3d 1378, 1383). (See *People v. Ranger Ins. Co.* (1992) 6 Cal.App.4th 1301, 1304.) The question in this case is whether defendant Bent's appearance at a scheduled pretrial hearing could be "lawfully required" by another provision of law, namely, section 977(b)(1). In other words, was defendant Bent's appearance "otherwise required by law." (*People v. Classified Ins. Corp.*, *supra*, 164 Cal.App.3d at p. 345; *People v. National Auto. & Cas. Ins. Co.* (1977) 77 Cal.App.3d Supp. 7, 9.)

5

At the time of the relevant 2011 proceedings here, section 977(b)(1) provided: "In all cases in which a felony is charged, the accused shall be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present . . . ." (§ 977(b)(1), as amended by Stats. 2007, ch. 747, § 8.5, p. 624.)[2] Section 977, along with section 1043,[3] implements the state constitutional protection of article I, section 15 "to be personally present with counsel, and to be confronted with the witnesses against the defendant." (Cal. Const., art. I, § 15; see *People v. Gutierrez, supra*, 29 Cal.4th at p. 1202 [constitutional right to be present rooted in confrontation clause and due process clause]; *People v. Clark* (2011) 52 Cal.4th 856, 1004 [§§ 977, 1043 codify right to presence under Cal. Const.].)

We have explained that a "defendant cannot waive his right to be present" at any of the five proceedings enumerated in section 977(b)(1). (*People v.*

[2] In 2014, the Legislature amended section 977. Section 977(b)(1) was amended to state, "Except as provided in subdivision (c), . . . the accused shall be personally present . . . ," and section 977, subdivision (c)(1) was added to expressly "authorize a defendant who does not wish to be personally present for *noncritical portions* of the trial when no testimonial evidence is taken to submit an oral waiver in open court prior to the proceeding, or submit a written request to the court and would allow the court to grant the request in its discretion." (Stats. 2014, ch. 167, italics and underlining added.) In referring to section 977, we are referring to the pre-2015 version of the statute.

[3] Section 1043, subdivision (a), provides that a felony defendant "shall be personally present at the trial." Though sections 977 and 1043 are often invoked together when discussing a defendant's right to presence (see *People v. Waidla* (2000) 22 Cal.4th 690, 742; *People v. Bradford* (1997) 15 Cal.4th 1229, 1357), for purposes of the issue here, we see no reason to employ a different analysis or standard when section 977 alone is implicated.

6

*Jackson* (1996) 13 Cal.4th 1164, 1210; but see *ante*, at p. 6, fn. 2 [amending § 977, subds. (b)(1) & (c)(1)].)  Thus, for instance, "even if a section 977 waiver is filed, the defendant must be personally present during the preliminary hearing."  (*People v. Indiana Lumbersmen Mutual Ins. Co*. (2011) 194 Cal.App.4th 45, 49.)  There is no real dispute here that if a defendant is absent at one of these specified proceedings, bail must be forfeited under section 1305 unless the defendant has a "sufficient excuse."  The point of contention instead involves what can be described as section 977(b)(1)'s default or catch all phrase, requiring a defendant's presence "at *all other* proceedings" unless a duly executed written waiver is provided.  (Italics added.)

With respect to this particular phrase, Safety National maintains that it does not compel a defendant to appear — and consequently, does not mandate a waiver of personal presence — at noncritical proceedings, i.e., where the defendant's fundamental constitutional rights are not at stake.  (See *People v. North Beach Bonding Co*. (1974) 36 Cal.App.3d 663, 669; see also *People v. Bradford, supra,* 15 Cal.4th at p. 1357.)  The People, however, counter that section 977(b)(1)'s plain language makes no such distinction, but instead makes clear that a felony defendant's presence is required at every scheduled pretrial hearing unless he or she has executed a written waiver; there is no basis to "exempt hearings where jurisdiction over a bail bond is at issue."

We agree with the People that the statutory term "at all other proceedings" does not distinguish between critical and noncritical proceedings.  (§ 977(b)(1).)  To the contrary, the broadly phrased term suggests the provision's reach is inclusive, i.e., subsuming those court proceedings not specifically listed in section 977.  The legislative history is in accord.  In 1968, the Legislature amended section 977 to substantially the same form as it exists today.  (Stats. 1968, ch. 1064, § 1, pp. 2064-2065.)  Before the 1968 amendment, section 977 had simply

7

provided that in nonmisdemeanor cases, a defendant must be "personally present at the arraignment," and section 1043 required that felony defendants be "personally present at trial." (Stats. 1951, ch. 1674, § 64, p. 3840 [§ 977]; *id.*, § 90, p. 3845 [§ 1043]; see *Cody v. Justice Court of Vacaville Judicial Dist.* (1965) 238 Cal.App.2d 275, 288, fn. 9.) The 1968 amendment, which revised section 977 extensively and section 1043 to a lesser degree, made clear that "a defendant may waive his presence only with respect to certain portions of the trial, and then only under narrowly prescribed conditions." (*People v. Anderson* (1970) 6 Cal.App.3d 364, 370; see Stats. 1968, ch. 1064, § 1, pp. 2064-2065 [amending § 977]; *id.*, § 3, p. 2065 [amending § 1043 to add that a defendant "may waive his right to be present in accord with the provisions of Section 977"]; see also Assem. Com. on Crim. Proc., Dig. of Assem. Bill No. 1558 (1968 Reg. Sess.) May 21, 1968, p. 1.)

Safety National's argument, however, rests not on the statutory language of section 977, but on the courts' interpretation of the statute and its relationship to the due process right to be present at trial. (*People v. Williams* (1970) 10 Cal.App.3d 745, 752; see *People v. Ochoa* (2001) 26 Cal.4th 398, 434-435; see also *People v. North Beach Bonding Co.*, *supra*, 36 Cal.App.3d at p. 669 [§ 977 "designed to implement the defendant's due process right to be present at his trial and other proceedings"].) Specifically, Safety National argues that "*Williams* is part of a long line of cases that have held that Penal Code Section 977, *despite the plain language of the statute*, only requires a defendant's personal presence at fundamental hearings that bear a substantial relationship to a defendant's opportunity to defend against the charges." (Italics added.) Although we recognize that some cases have described section 977(b)(1)'s presence requirement as coextensive with the due process right to be present (see, e.g., *People v. Bradford*, *supra*, 15 Cal.4th at p. 1357), as we explain below, we do not

agree with Safety National that section 977(b)(1)'s reach is circumscribed by these cases.  We first discuss the due process right to be present.

We have explained that " 'the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.'  Thus, it is not necessary for a defendant to be present at proceedings which are merely preliminary or formal and at which matters affecting his guilt are not presented.  [Citations.]  The determinative question is whether or not the accused suffered any damage by reason of absence at a particular stage of the proceedings." (*People v. Isby* (1947) 30 Cal.2d 879, 894; see *Snyder v. Massachusetts* (1934) 291 U.S. 97, 106-107 [defendant has no 14th Amend. right to be present at a proceeding "when presence would be useless, or the benefit but a shadow"].)  Specifically, with respect to "in chambers or at bench discussions that occur outside of the jury's presence on questions of law or other matters as to which the defendant's presence does not bear a ' " 'reasonably substantial relation to the fullness of his opportunity to defend against the charge,' " ' " we have consistently held that a defendant "is not *entitled* to be personally present." (*People v. Bradford*, *supra*, 15 Cal.4th at p. 1357, italics added; see *People v. Ochoa*, *supra*, 26 Cal.4th at pp. 434-435; *People v. Holloway* (1990) 50 Cal.3d 1098, 1116; *People v. Jackson* (1980) 28 Cal.3d 264, 309.)  Ultimately, the burden rests on the defendant to show damage or prejudice arising from his or her absence at a particular proceeding.  (See *People v. Williams*, *supra*, 10 Cal.App.3d at p. 752.)

Fairly read, these cases illustrate the basic principle that a criminal defendant's right to be present at certain stages of trial is a due process right that inures to the defendant's benefit.  For that reason, the issue often involves determining whether the defendant's *absence* from a proceeding constitutes a *denial* or *violation* of due process.  (See *People v. Beardslee* (1991) 53 Cal.3d 68,

9

103.) Logically, this determination is made after the fact, that is, after a proceeding is held without the defendant. The relevant considerations include whether the defendant suffered any damage or prejudice from being absent and whether the matters discussed at the proceeding bore a substantial relationship to the ability to defend against the charge. (*Ibid.*) In other words, a defendant has a due process right to be present " 'to the extent that a fair and just hearing would be thwarted by his absence, *and to that extent only.*' " (*People v. Isby*, *supra*, 30 Cal.2d at p. 894, italics added.)

"While that basic and fundamental right to appear and defend flows from the Constitution, there is no reciprocal constitutional authority to be absent. The right of absence . . . is derived from the Legislature." (*People v. Semecal* (1968) 264 Cal.App.2d Supp. 985, 990.)[4] In section 977(b)(1), the Legislature has delineated the specific proceedings at which a defendant's presence is *mandatory*, notwithstanding the defendant's waiver. (*People v. Jackson*, *supra*, 13 Cal.4th at p. 1210; *People v. Indiana Lumbersmen Mutual Ins. Co.*, *supra*, 194 Cal.App.4th at p. 49.) For example, in *People v. Jackson*, we found "no constitutional infirmity" based on a capital defendant's voluntary absence during the trial testimony of several witnesses. (*People v. Jackson*, *supra*, 13 Cal.4th at p. 1210; see *People v. Romero* (2008) 44 Cal.4th 386, 418 [" 'Neither the constitutional

---

[4] In 1968, the lower court in *People v. Semecal* understandably focused on section 1043, and not section 977, because at the time only section 1043 required a defendant to be personally present at trial. (*People v. Semecal*, *supra*, 264 Cal.App.2d at pp. Supp. 988-990; see *ante*, at pp. 7-8 [before 1968 amendment, § 977 required felony defendant's presence at arraignment only].) Nonetheless, given that both section 977 and section 1043 "implement the state constitutional protection" (*People v. Gutierrez*, *supra*, 29 Cal.4th at p. 1202), we see no basis to reject the court's general observations about a defendant's statutory right to presence in this context.

right to confrontation nor the right to due process precludes a waiver of a defendant's right to be present at a critical stage of a capital trial.' "].)

However, we explained that statutory error was "another matter." (*People v. Jackson*, *supra*, 13 Cal.4th at p. 1210.) In finding the defendant's absence from trial violated the plain meaning of section 977, we explained that "[t]he Legislature evidently intended that a capital defendant's right to voluntarily waive the right to be present *be severely restricted*." (*Id*. at p. 1211, italics added; see *California v. Ramos* (1983) 463 U.S. 992, 1013-1014 ["It is elementary that States are free to provide greater protections in their criminal justice system than the Federal Constitution requires."].) With respect to "all other proceedings" (§ 977(b)(1)) at which felony defendants may have a right to be absent, the Legislature has also imposed certain restrictions. (See *People v. Semecal*, *supra*, 264 Cal.App.2d at p. Supp. 990 ["right to be absent . . . has been made conditional"].) Defendants cannot unilaterally waive their right to be present, but must obtain "leave of court" to do so. (§ 977(b)(1); see *People v. Anderson*, *supra*, 6 Cal.App.3d at p. 370 [§ 977(b)(1) waiver subject to "narrowly prescribed conditions"].)

Nowhere is the obligatory nature of a defendant's presence at court proceedings more apparent than in the bail bond context. The very purpose of bail and its forfeiture is to ensure the defendant's attendance and obedience to the orders and judgment of the court. (*People v. American Contractors Indemn. Co*., *supra*, 33 Cal.4th at p. 657; see *ante*, at p. 4.) " 'In general the state and surety agree that if the state will release the defendant from custody, the surety will undertake that *the defendant will appear personally and at a specified time and place* . . . . If the defendant fails to appear at the proper time and place, the surety becomes the absolute debtor of the state for the amount of the bond.' " (*People v. Amwest Surety Ins. Co*. (1991) 229 Cal.App.3d 351, 356, italics added.) Put

11

another way, "every forfeiture involves the conduct of the [defendant] bailee rather than the surety. That is the nature of the agreement between the state and the bondsman. The state relinquishes custody of the bailee to the bondsman in return for the assurance that a certain sum will be paid by the surety because of the conduct of nonappearance by the bailee." (*Continental Cas. Co. v. State of California* (1974) 41 Cal.App.3d 259, 262; *People v. Western Ins. Co.* (2013) 213 Cal.App.4th 316, 322 ["the bail bond agreement is a contract involving three parties"].) Thus, when a defendant has posted bail, both the defendant and the surety have assumed the responsibility and obligation to ensure his or her presence at all requisite court proceedings, such as those covered by section 977(b)(1).

In reaching a contrary conclusion, the Court of Appeal here found that section 977 has "no bearing" on a defendant's requirements to maintain his or her bail status under section 1305, based in part on the observation that section 977 is mainly "designed to implement the defendant's due process right to be present at his trial and other proceedings." (*People v. North Beach Bonding Co.*, *supra*, 36 Cal.App.3d at p. 669; see *People v. Classified Ins. Corp.*, *supra*, 164 Cal.App.3d at pp. 344-346 [following *North Beach Bonding Co.*].) Safety National expands on this argument, claiming that section 977(b)(1) "should not be construed *more broadly* in the context of a bail forfeiture, than it is in the context of the due process protections that it was implemented to protect."

We see no basis to limit section 977's application in either respect. (See *California v. Ramos*, *supra*, 463 U.S. at pp. 1013-1014; *People v. Jackson*, *supra*, 13 Cal.4th at p. 1211.) As discussed above, section 977 may require a defendant's presence at a specific court proceeding, even if the Constitution would allow the proceeding to continue in his or her absence. (See *People v. Jackson*, *supra*, 13 Cal.4th at p. 1211.) Section 977(b)(1), though designed to implement a defendant's right to be present, also serves an important public interest. The

efficient functioning of the criminal justice system is enhanced by compelling a defendant's appearance at critical portions of his or her case, and by requiring the court-authorized written waiver at other covered proceedings to foreclose any doubt whether to proceed in the defendant's absence. (§ 977(b).) Similarly, in the bail bond context, a defendant's required presence serves another purpose beyond guaranteeing the right to be present: "[T]he broad definition of bail implies its purpose to be that of a tool to assure the ability of society to protect itself by lawfully conducted criminal prosecution." (*People v. Semecal*, *supra*, 264 Cal.App.2d at p. Supp. 992.) In other words, construed together section 977(b)(1) and section 1305 "are not only compatible with the constitutional guarantee of due process, but also constitute an appropriate legislative design to assure the orderly administration of the judicial process." (*Semecal*, at pp. 989-990.)

Ultimately, we have no occasion here to decide the precise scope of section 977 as it relates to the constitutional right to be present. (But see *People v. Ochoa*, *supra*, 26 Cal.4th at pp. 434-435.) We conclude only that for purposes of section 1305, a defendant's presence at an "other proceeding[]" under section 977(b)(1) constitutes a "lawfully required" appearance for which his or her unexcused absence may justify the forfeiture of bail.[5]

The next question is whether the pretrial hearing at issue here is an "other proceeding[]" under section 977(b)(1). Though not expressly defined in section 977(b)(1), the meaning of "other proceeding[]" is discernible from its context. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 871 ["Statutory ambiguities often may be

---

[5]     We disapprove *People v. North Beach Bonding Co*., *supra*, 36 Cal.App.3d 663, and *People v. Classified Ins. Corp*., *supra*, 164 Cal.App.3d 341, to the extent each rejected outright section 977(b)(1)'s application to section 1305's bail forfeiture proceedings.

resolved by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes."].)  The five mandatory proceedings described in the preceding sentence of section 977(b)(1) (arraignment, plea, preliminary hearing, trial, sentencing) reflect the Legislature's concern that the felony defendant be present at case-related proceedings that occur in open court.  Likewise, with respect to "all other proceedings" at which the defendant seeks to be absent, the standard waiver form set out in section 977, subdivision (b)(2) contemplates a situation where a defendant is absent from *court*.  In pertinent part, the provision states:  " 'The undersigned defendant hereby requests the court to proceed during every absence of the defendant that the court may permit pursuant to this waiver, and hereby agrees that his or her interest is represented at all times by the presence of his or her attorney the same as if the defendant were *personally present in court*, and further agrees that notice to his or her attorney that his or her *presence in court* on a particular day at a particular time is required is notice to the defendant of the requirement of his or her appearance at that time and place.' "  (Italics added.)  There is no indication that sidebars at the bench or conferences in chambers, i.e., those proceedings that do not occur in open court and that are often impromptu and unscheduled, are within the scope of section 977(b)(1).  (See *People v. Ochoa*, *supra*, 26 Cal.4th at p. 435; *People v. Holt* (1997) 15 Cal.4th 619, 706.)

In this case, defendant Bent failed to appear at an April 29, 2011 pretrial hearing, which was scheduled in open court when he was present.  He did not, with leave of court, execute a written waiver of his right to be present at this hearing, and he does not otherwise argue that he had a "sufficient excuse" for his absence under section 1305.  Moreover, there is no suggestion that Bent did not have actual notice of the scheduled April 29 hearing.  Based on the foregoing, we

conclude that Bent's absence at this scheduled pretrial hearing constituted a basis on which to forfeit bail under section 1305.

To the extent Safety National argues that this interpretation is an unduly expansive reading of section 977 because it would allow the forfeiture of bail even if a defendant did not have actual notice of the hearing, we disagree. Notwithstanding the jurisdictional nature of bail forfeiture, "[t]here is no danger the section would be used unfairly against a defendant who was ignorant of the court date because section 1305 only allows bail forfeiture if the defendant fails to appear 'without sufficient excuse.' " (*People v. Jimenez* (1995) 38 Cal.App.4th 795, 800, fn. 8.)

## CONCLUSION

Based on the foregoing, we reverse the Court of Appeal's judgment and remand for proceedings consistent with this opinion.

**CHIN, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**WERDEGAR, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

15

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Safety National Casualty Corporation

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 225 Cal.App.4th 438
**Rehearing Granted**

_____

**Opinion No.** S218712
**Date Filed:** February 1, 2016

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** Martin Herscovitz

_____

**Counsel:**

John Mark Rorabaugh for Defendant and Appellant.

John F. Krattli and Mark J. Saladino, County Counsel, Richard D. Weiss, Acting County Counsel, Ruben Baeza, Jr., Assistant County Counsel, Brian T. Chu and Joanne Nielsen, Deputy County Counsel, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

John Mark Rorabaugh
801 Parkcenter Drive, Suite 205
Santa Ana, CA  92705
(714) 617-9600

Joanne Nielsen
Deputy County Counsel
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA  90012-2713
(213) 974-1876