[No. E050297. Fourth Dist., Div. Two. Mar. 16, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY,
Defendant and Appellant.

**COUNSEL**

Law Offices of Brendan Pegg and Brendan Pegg for Defendant and Appellant.

Pamela J. Walls, County Counsel, and Patricia Munroe, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**McKINSTER, J.**—Indiana Lumbermens Mutual Insurance Company (hereafter the surety) appeals an order denying its motion to set aside the forfeiture of a bail bond. It contends that the trial court lacked jurisdiction to order forfeiture of the bond because it failed to do so on the first occasion when the bailee failed to appear without excuse.

We will affirm the order.

## FACTUAL AND PROCEDURAL HISTORY

The case arose as follows. On May 18, 2007, the surety issued a bond in the amount of $75,000 warranting the appearance of Shawn Jason Bergman to answer felony charges in connection with an incident of driving under the influence causing great bodily injury. (Veh. Code, § 23153, subds. (a) & (b).)

Bergman appeared for his arraignment on May 18, 2007, and on the same date posted the bond and filed a waiver of his presence as authorized by Penal Code section 977, subdivision (b). Bergman waived time for his preliminary hearing. Thereafter, he did not personally appear on six dates set for a felony settlement conference but did appear through counsel on each date (June 7, July 20, Aug. 24, Sept. 7, Oct. 1, and Oct. 26, 2007). The settlement

conference was continued on the first five dates. On October 26, 2007, the court set the preliminary hearing for December 4, 2007. Bergman appeared through counsel on December 4, 2007. A motion for continuance had been filed and the continuance was granted. The continued preliminary hearing was set for January 10, 2008. The preliminary hearing was continued again on January 10, 2008, and on January 25, 2008. Bergman did not personally appear on either of those dates. Bergman did attend the preliminary hearing when it was finally held on February 20, 2008.

Bergman appeared personally at all subsequent proceedings leading up to his trial, except for one trial readiness conference. Bergman ultimately withdrew his not guilty plea and entered a plea of guilty. He did not appear on the date set for sentencing, however, and the court declared the bond forfeited and issued a warrant for Bergman's arrest.

The surety filed a motion to set aside the forfeiture, contending that the court lost jurisdiction to declare the forfeiture when it failed to do so upon Bergman's first unexcused failure to appear. (Pen. Code, § 1305, subd. (a).)

The trial court denied the motion, and the surety appealed.[1]

## LEGAL ANALYSIS

## THE SURETY HAS FAILED TO SHOW THAT THE COURT ACTED IN EXCESS OF ITS JURISDICTION

Section 1305, subdivision (a) provides, in pertinent part: "A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. . . ." Whenever a defendant fails to appear in court on one of the occasions enumerated in section 1305, the court must declare a forfeiture, unless "the

---

[1] An order denying a motion to set aside the forfeiture of a bail bond is appealable if the question on appeal is whether the judgment of forfeiture was entered in compliance with Penal Code section 1305 or section 1306. (*County of Los Angeles v. National Automobile & Casualty Ins. Co.* (1998) 67 Cal.App.4th 271, 274–275, fn. 1 [79 Cal.Rptr.2d 5]; *County of Los Angeles v. American Bankers Ins. Co.* (1996) 44 Cal.App.4th 792, 795 [52 Cal.Rptr.2d 75].) We discuss the provisions of Penal Code section 1305 below.

All further statutory references will be to the Penal Code unless otherwise indicated

court has reason to believe that sufficient excuse may exist for the failure to appear . . . ." (§ 1305.1.) If the court has reason to believe that a sufficient excuse may exist, it may continue the case for a reasonable period to enable the defendant to appear without ordering forfeiture of the bond. (*Ibid.*) If the court has no information that a sufficient excuse may exist so as to justify a continuance pursuant to section 1305.1, the court must declare a forfeiture. If the court fails to do so, it loses jurisdiction and the bond is exonerated by operation of law. (*People v. International Fidelity Ins. Co.* (2007) 151 Cal.App.4th 1056, 1060–1061 [60 Cal.Rptr.3d 355]; *People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1553 [78 Cal.Rptr.2d 763].) The court does not have jurisdiction to declare a forfeiture later. (*Ranger Ins. Co.*, at p. 1554.)

■ Section 977 allows a felony defendant to waive his or her personal presence at some hearings, appearing instead solely through his or her attorney. However, even if a section 977 waiver is filed, the defendant must be personally present during the preliminary hearing. (§ 977, subd. (b).)[2] Because the defendant's presence is lawfully required, an unexcused failure to appear during the preliminary hearing requires the trial court to declare the bail bond forfeited. (§ 1305, subd. (a)(4).)

■ Here, the surety contends that the trial court's failure to declare a forfeiture of the bond when Bergman did not appear for his preliminary hearing on December 4, 2007, divested it of jurisdiction to declare the forfeiture when he failed to appear for sentencing. However, the record does not show that the case was actually called for the preliminary hearing on that date. The record indicates that a motion for continuance was filed before the hearing. Rather than being called for the preliminary hearing, then, the case was called for a hearing on the continuance motion. Because the motion was granted, the case was never called for the preliminary hearing. The same is true of the next two dates for which the preliminary hearing was set. On the date on which the preliminary hearing actually was called and took place,

---

[2] Section 977 provides, in pertinent part:

"(b)(1) In all cases in which a felony is charged, the accused shall be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present, as provided by paragraph (2). . . .

"(2) The accused may execute a written waiver of his or her right to be personally present, approved by his or her counsel, and the waiver shall be filed with the court. However, the court may specifically direct the defendant to be personally present at any particular proceeding or portion thereof. . . ."

Bergman was present. Because neither section 977 nor section 1305 requires a defendant's presence for a hearing on a motion for a continuance, the section 977 waiver precluded a finding that Bergman's absence was unexcused.

The surety contends that section 1305 mandates the defendant's presence on the date for which the preliminary hearing is calendared regardless of whether an intervening event, such as the granting of a previously filed motion for continuance, prevents the case from being called for the preliminary hearing itself. The surety relies on *People v. Ranger Ins. Co., supra*, 66 Cal.App.4th 1549 (*Ranger*). In that case, the court held that a section 977 waiver did not excuse the defendant from appearing at the master trial calendar at which his case was called for trial. Section 977, subdivision (b) permits a felony defendant to waive his personal appearance at those portions of the trial where no evidence is taken. Section 1305, however, requires the defendant to appear for "[t]rial," and provides that the defendant's unexcused absence mandates forfeiture of the bail bond.[3] (§ 1305, subd. (a)(2).) The court reasoned that the trial includes the day on which the parties are called to try their case, regardless of whether the trial actually commences on that date. (*Ranger, supra*, at pp. 1553–1554.)

*Ranger* is distinguishable, however. In *Ranger*, the case was called for trial and then put on "standby for trial" because of the defendant's absence. (*Ranger, supra*, 66 Cal.App.4th at p. 1551.) Because the trial court did not determine at that time whether the defendant's failure to appear was excusable, the Court of Appeal held, it could not continue the trial and later forfeit the bail. (*Id.* at pp. 1553–1554.) In contrast, in this case the court did not continue the preliminary hearing because Bergman was absent. Rather, the court continued the hearing based on a previously filed motion for continuance, the basis for which does not appear in the record. Nevertheless, the surety contends, based on *Ranger*, that Bergman's failure to appear on the date set for the preliminary hearing mandated either forfeiture or a finding on the record of sufficient excuse for his failure to appear. In *Ranger*, the court held that the defendant was required to appear on the date set for trial, "whether [the trial] occurs or not." (*Id.* at p. 1553.)

 Section 1305, subdivision (a) does not say that the defendant must appear "at the time" or "on the date" "set for" the trial or other proceeding. Rather, it says that the defendant must appear "for" the trial or other hearing.

---

[3] The court also held that as a special statute designed to govern bail forfeiture proceedings, section 1305 prevails over section 977, subdivision (b), which is a general statute designed to protect a defendant's right to be present at trial and other proceedings. (*Ranger, supra*, 66 Cal.App.4th at pp. 1553–1554.)

In *Ranger*, the case *was* called for trial at the master calendar hearing and the trial was continued solely because of the defendant's absence. (*Ranger, supra,* 66 Cal.App.4th at p. 1553.) Here, although the case was set for the preliminary hearing, as far as the record shows, it was never called "for" the preliminary hearing; rather, it was called for a hearing on a previously filed motion for continuance. If the continuance had been denied, only then would the court have called the case for the preliminary hearing. At that point, Bergman's presence would unquestionably have been required. However, the trial court would also have had to determine whether the absence could be excused or whether the preliminary hearing should be continued briefly in order to allow Bergman to appear. That determination is purely within the trial court's discretion. (See *People v. International Fidelity Ins. Co., supra,* 151 Cal.App.4th at p. 1061.)

■ Although it is often said that section 1305 must be strictly construed "in favor of the surety" (see *People v. Indiana Lumbermens Mutual Ins. Co.* (2010) 49 Cal.4th 301, 307 [110 Cal.Rptr.3d 4, 231 P.3d 909]), the gravamen of the rule is that the forfeiture statutes are to be strictly construed *to avoid forfeiture* (*People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385]). Here, the construction which avoids forfeiture *as of the date set for the preliminary hearing* is that Bergman's appearance was not required because the case was never called "for" the preliminary hearing, as provided for in section 1305, subdivision (a). To say that forfeiture was required even though Bergman was never required to appear "for" the preliminary hearing turns requirement of strict construction on its head in order to avoid the subsequent forfeiture which was mandated when Bergman failed to appear "for" sentencing. The statutory scheme cannot be manipulated in that manner, to require forfeiture when it is not strictly called for in order to avoid forfeiture when, on a later occasion, it is strictly called for. Moreover, a construction which requires forfeiture even though it is not strictly called for by the statute is not a construction "in favor" of the surety.

The surety's second contention also fails. The surety contends that because the trial court minutes show that at each hearing, the court ordered Bergman to return "on any and all future hearing dates," his personal presence was required at all hearings, even those as to which the section 977 waiver would otherwise have excused his personal appearance. Consequently, it contends, the trial court's failure to declare a forfeiture when Bergman failed to appear at the first of the felony settlement conferences divested it of jurisdiction to declare the forfeiture later. However, the minute orders do not state that Bergman was required to be personally present; they merely order him to

return. Bergman was present at all such hearings, either personally or through counsel. And, the minutes of each hearing at which Bergman was not personally present state that he appeared through counsel pursuant to section 977, and they also state that the current bond was continued. From this record we can infer only that the court did not intend to require Bergman's personal attendance.

■ The surety contends that any ambiguity in the record must be construed in its favor, i.e., that the boilerplate language ordering Bergman to return for each scheduled hearing must be interpreted to mean that his personal presence was required. We disagree. " '[T]he burden is upon the bonding company seeking to set aside the forfeiture to establish by competent evidence that its case falls within the four corners of these statutory requirements' [citations]." (*People v. Safety National Casualty Corp.* (2010) 186 Cal.App.4th 959, 974 [112 Cal.Rptr.3d 581] [Fourth Dist., Div. Two].) The surety has not met that burden. An appealed judgment is presumed to be correct. The appellate court must indulge all intendments and presumptions to support the judgment on the matter as to which the record is silent, and prejudicial error must be shown affirmatively. (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 267 [88 Cal.Rptr.3d 186], citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) It is the appellant's burden to provide a record which affirmatively demonstrates reversible error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574–575 [224 Cal.Rptr. 664, 715 P.2d 624].) Consequently, even if the record is arguably ambiguous as to whether Bergman's personal presence was required at all hearings, we must resolve the ambiguity against the surety.

Finally, the surety contends that the trial court failed to apply the correct law in denying its motion to set aside the forfeiture. However, we review the correctness of the ruling, not the court's reasoning in reaching its decision. (*People v. Zapien* (1993) 4 Cal.4th 929, 976 [17 Cal.Rptr.2d 122, 846 P.2d 704]; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10], disapproved on other grounds in *Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal.3d 917, 944 [154 Cal.Rptr. 503, 593 P.2d 200].)

## DISPOSITION

The judgment forfeiting the bond and the order denying Indiana Lumbermens Mutual Insurance Company's motion to set aside the judgment are affirmed.

Costs on appeal are awarded to the Office of County Counsel, County of Riverside. (§ 1305.3.)

Hollenhorst, Acting P. J., and King, J., concurred.

A petition for a rehearing was denied May 3, 2011, and appellant's petition for review by the Supreme Court was denied June 22, 2011, S193198.