Filed 2/11/16  P. v. Bankers Ins. Co. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058681 |
| v. | (Super.Ct.No. CIVDS1300294) |
| BANKERS INSURANCE CO., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

E. Alan Nunez and John M. Rorabaugh for Defendant and Appellant.

Jean-Rene Basle, County Counsel, and John R. Tubbs II, Deputy County Counsel, for Plaintiff and Respondent.

The court entered summary judgment on a bail bond forfeiture against defendant and appellant Bankers Insurance Co. (Surety).  Surety filed a motion to set aside the

1

summary judgment.  The court denied the motion.  On appeal, Surety contends the court lacked jurisdiction to declare forfeiture of the bond and that the notice of forfeiture violated its rights of due process.  We affirm the judgment.

FACTS AND PROCEDURAL HISTORY

The People charged defendant Roberto Avila with felony possession of marijuana for sale (count 1; Health & Saf. Code, § 11359), felony possession of an assault weapon (count 2; Pen. Code, § 12280, subd. (b))[1], felony sale of marijuana or hashish (count 3; Health & Saf. Code, § 11360, subd. (a)), and felony possession of a firearm by a person previously convicted of a narcotics offense (count 4; former § 12021, subd. (a)(1)).  On December 29, 2011, defendant executed a $200,000 bail bond paying a $20,000 premium with Surety and licensed bail agent Michael Bogdanovich Bail Bonds in the instant case.

Defendant personally appeared with his attorney at hearings on January 6, February 21, March 16, and April 20, 2012.  At the April 20, 2012, appearance defense counsel requested the matter continued to May 30, 2012, for a "dispo reset date."  Defendant agreed to the continuance.  The court did not expressly order defendant's appearance at the continued hearing; however, the minute order of the hearing indicates defendant was ordered to appear at that hearing.

At the May 30, 2012, hearing, defense counsel stated "We were in contact with him yesterday.  We conveyed the offer to him.  And we were expecting to see him in this

_____

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

2

Court.  Unfortunately, we've had no contact with him today."  The court responded "All right.  Very well.  It's about 9:50 in the morning.  Based on the defendant's failure to appear, forfeit the bond.  Issue bench warrant $400,000."

On May 31, 2012, a deputy clerk  of the court issued a notice of forfeiture of defendant's bail bond to both Surety and the bail agent at the addresses appearing on the bail bond.  The notice contained the case number, defendant's name, the date the court entered forfeiture of the bail bond, the bond number, and the bond amount.  The notice read, "Please take notice that the surety bond posted by you in behalf of the named defendant had been ordered forfeited by the court pursuant to Penal Code Section 1305.  Your contractual obligation to pay this bond will become absolute on the 181st day following the date of mailing of this notice unless the court shall sooner order the forfeiture set aside and the bond reinstated.  If payment is not received, summary judgment will be requested pursuant to Penal Code section 1306 upon the expiration of the time allowed by law.  [¶]  The 180th day is:  12/03/12[.]"

On December 4, 2012, the bail agent filed a motion to extend the time in which Surety would be obligated to pay the bond on the basis that the bail agent had been diligent in his efforts to locate defendant.  The bail agent noted defendant's failure to appear at the hearing on May 30, 2012, resulted in the court's order forfeiting defendant's bond and the issuance of a warrant for his arrest.  The bail agent declared he had received notice of the forfeiture on June 7, 2012.

3

The bail agent was confident he could surrender defendant if given a 180-day extension. The bail investigator, and others, had expended 400 man hours searching for defendant; a reward for defendant's whereabouts had been offered. The bail agent had spoken with defendant's family, a member of which said "she is aware that he is on the run from law enforcement."

At a hearing on January 4, 2013, on the motion for extension, no appearance was made on behalf of Surety or the bail agent. Counsel for the county noted the last day to file had been December 3, 2012: the 180th day after the issuance of notice of forfeiture was November 27, 2012; adding five additional days for mailing, the deadline landed on Sunday, December 2, 2012, which automatically extended the deadline to Monday, December 3, 2012. The motion for an extension of time had not been filed until December 4, 2012. The court denied the motion as untimely.

On January 9, 2013, the county filed a petition for summary judgment on the bail bond forfeiture. The court signed and entered the order that day.

On February 14, 2013, Surety filed a motion to set aside the summary judgment. Surety contended the court had no jurisdiction to enter the forfeiture in the first instance. Regardless, Surety noted "On December 3, 2012[,] at approximately 4:30[,] the bail agent arrived at the court to file a motion to extend time. The clerk's office was closed. The bail agent believed he had another five days to file the motion so he returned the next day and filed the extension motion December 4, 2012."

4

The bail agent declared, "On December 3, 2012[,] at 4:30 p.m.[,] I arrived at the San Bernardino Superior Court located in San Bernardino, California. The Court was closed when I arrived. The security guard said the door is locked and I explained I was there to file a motion with the clerk. He didn't open [the] door and said to return the next day." Surety contended the clerk had erred in informing it that the 180-day deadline for filing a motion regarding the forfeiture fell on December 3, 2012, because it was mislead into believing it had an additional five days due to the mailing of the forfeiture notice.

The county filed opposition. At the hearing on the motion on March 22, 2013, defendant was still not present. The parties stipulated the clerk enters a code for "defendant is ordered to appear" when entering minutes whenever a defendant is present and the clerk hears the judge inform the defendant of the next hearing date. After argument, the court took the matter under submission.

On April 3, 2013, the court issued a written decision in which it found "the notice of forfeiture was timely and properly mailed to the Surety, and properly notified Surety of the applicable time requirements." "Surety was aware of the appropriate deadline to file their pleadings but failed to file their motion to extend the 180 day period within the original 180 day time frame." "As this was a felony case and the matter was set for a hearing to either resolve the case or set it for trial[,] defendant's presence was legally required on May 30. Defendant was present with counsel when this date was set, and the court minutes indicate defendant was ordered to appear on that date. This was confirmed by Defendant's counsel who told the court 'we were expecting to see him in this court

5

[today]' on the May 30 date."  The court denied Surety's motion to set aside summary judgment on the bail bond forfeiture.

DISCUSSION

A.      Jurisdiction.

Surety contends the court had no jurisdiction to declare a forfeiture of the bail bond on May 30, 2012.  We disagree.

"If a criminal defendant who is out of custody on a bail bond does not appear at a required hearing or trial, the court may order the bail bond company to forfeit the bond. (§ 1305[, subd.] (a).)  To effectuate this forfeiture, the trial court must strictly comply with certain statutory requirements.  [Citation.]  Bail forfeiture statutes are jurisdictional and, if not strictly followed, the court loses jurisdiction to later declare a forfeiture of the bond.  [Citations.]  Because of the ""'"harsh results"'"" of a forfeiture, 'technical violations' of the bail statutes are not tolerated and will defeat the court's jurisdiction to order a forfeiture.  [Citations.]  Additionally, the statutory requirements '"are considered inviolable and do not depend on whether or not a party has suffered prejudice."' [Citations.]  [¶]  We apply an abuse of discretion standard in evaluating a trial court's denial of a motion to vacate bail forfeiture.  [Citation.]  However, because trial courts exercise a limited statutory discretion in ordering bail forfeitures and the issues are jurisdictional, we are required to carefully review the record to ensure strict statutory compliance.  [Citations.]" (*People v. Bankers Ins. Co.* (2009) 171 Cal.App.4th 1529, 1532-1533.)

"Whenever a defendant fails to appear in court on one of the occasions enumerated in section 1305, the court must declare a forfeiture, unless 'the court has reason to believe that sufficient excuse may exist for the failure to appear. . . .' (§ 1305.1.) If the court has reason to believe that a sufficient excuse may exist, it may continue the case for a reasonable period to enable the defendant to appear without ordering forfeiture of the bond. [Citation.] If the court has no information that a sufficient excuse may exist so as to justify a continuance pursuant to section 1305.1, the court must declare a forfeiture. If the court fails to do so, it loses jurisdiction and the bond is exonerated by operation of law. [Citations.]" (*People v. Indiana Lumbermens Mutual Ins. Co.* (2011) 194 Cal.App.4th 45, 48 [Fourth Dist., Div. Two].) A defendant is required to appear at the arraignment, trial, judgment, and "[a]ny other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required." § 1305, subd. (a)(1)-(**4**).)

"Without an order to appear, [a] court lack[s] jurisdiction to forfeit bail for failure to appear . . . . [Citation.]" (*People v. American Surety Ins. Co.* (2009) 178 Cal.App.4th 1437, 1440.) "[F]or purposes of section 1305, a defendant's presence at an 'other proceeding[]' under section 977(b)(l) constitutes a 'lawfully required' appearance for which his or her unexcused absence may justify the forfeiture of bail." (*People v. Safety National Casualty Corp.* (2016) ___ Cal.4th ___, 2016 Cal. LEXIS 466, 8.)

7

"[I]f the record is arguably ambiguous as to whether [the defendant's] personal presence was required at all hearings, we must resolve the ambiguity against the surety." (*People v. Indiana Lumbermens Mutual Ins. Co., supra,* 194 Cal.App.4th at p. 52.)

"In all cases in which a felony is charged, the accused shall be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present *at all other proceedings* unless he or she shall, with leave of court, *execute in open court, a written waiver* of his or her right to be personally present . . . ." (§ 977, subd. (b)(1), italics added.) "[W]hen a defendant has posted bail, both the defendant and the surety have assumed the responsibility and obligation to ensure his or her presence at all requisite court proceedings, such as those covered by section 977(b)(1)." (*People v. Safety National Casualty Corp., supra,* ___ Cal.4th at p. ___, 2016 Cal. LEXIS 466, 9.) "[S]ection 977 may require a defendant's presence at a specific court proceeding, even if the Constitution would allow the proceeding to continue in his or her absence. [Citation.]" (*Ibid.*)

Here, on December 28, 2011, defendant, while in custody, personally waived his presence at the *immediate* hearing via two-way "electronic audio system"; thus, although defendant waived his presence at that hearing, he did not waive his presence to all future proceedings in writing in open court. Defendant was physically present during the next four proceedings held on January 6, February 21, March 16, and April 20, 2012. Nothing in the minutes of those proceedings or in the record reveal defendant personally waived,

8

in any manner, let alone in writing in open court, his presence at the following hearing or any other hearing. In fact, the minute order of April 20, 2012, expressly reflects defendant was ordered to appear at the next hearing on May 30, 2012. Defense counsel indicated the continuance to May 30, 2012, was requested because "We are trying to look at the offer from the People and, hopefully, we'll have it resolved by then."

Defendant failed to appear at that hearing despite his counsel's own acknowledgment defendant was expected to be present. Defendant's failure to appear at a hearing in a felony case at which his presence had not been waived, at which he had been ordered to appear, at which his presence was expected, and at which possible resolution of the case was expected to be discussed gave the court jurisdiction to order forfeiture of his bond. (§ 977, subd. (b)(1); *People v. Safety National Casualty Corp., supra,* ___ Cal.App.4th at p. ___, 2016 Cal. LEXIS 466, 9 [The defendant's failure to appear at pretrial hearing scheduled in open court without the execution of a written waiver of his right to be present constituted a basis to forfeit his bail pursuant to section 1305.]; Cal. Rules of Court, rule 4.122(a)(3) [Defendant's presence required at readiness conferences in felony cases.]; *People v. Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118, 121 [No express order of the trial court is required to make mandatory a defendant's appearance at a hearing which, although not denominated a "readiness conference," was when the parties were expected to "'be prepared to discuss the case and determine whether the case [could] be disposed of without trial.'"], quoting former rule 227.6 [now

9

rule 4.122].)  Thus, the court acted within its discretion in ordering forfeiture of defendant's bond.

B.     Notification.

Surety contends it was deprived of due process because the notice of forfeiture issued by the clerk mislead it to believe it had an additional five days after the 180th day, listed in the notice as December 3, 2012, in which to file the motion for an extension. Thus, Surety maintains the motion to extend time was timely filed.  We disagree.

The notification requirements of section 1305 are satisfied if the bail agent received actual notice of the forfeiture despite a clerk's technical statutory noncompliance.  (*American Contractors Indemnity Co. v. County of Orange* (2005) 130 Cal.App.4th 579, 584.)  "The bail agent, surety or other interested party is allowed a five-day extension beyond the 180-day time period specified in the statute to *move the court* to set aside the forfeiture and exonerate bail.  [Citation.]"  (*People v. Souza* (1984) 156 Cal.App.3d 834, 838.)

An "'elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.  [Citations.]  The notice must be of such a nature as reasonably to convey the required information . . . .  [para.]  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.'  [Citation.]"  (*People v. Swink* (1984) 150 Cal.App.3d

10

1076, 1080 [Section 1305 notice constitutionally deficient because it did not inform layman of the statutory procedure to set aside forfeiture or the time period in which to do so].)

Any extension of the 185-day period exceeds the court's jurisdiction. (*People v. National Automobile & Casualty Ins. Co.* (2000) 82 Cal.App.4th 120, 126-127 [Fourth Dist., Div. Two].) "Since the 180-day period prescribed by section 1305 is jurisdictional, a court is powerless to vacate a forfeiture unless a motion for relief from forfeiture is made within that time frame." (*People v. American Bankers Ins. Co.* (1991) 227 Cal.App.3d 1289, 1297 [Fourth Dist., Div. Two], overruled on another ground in *National Automobile,* at p. 126 [Trial court's act in excess of its jurisdiction cannot be equated with a lack of subject matter jurisdiction.]; accord *People v. Lexington National Ins. Co.* (2007) 158 Cal.App.4th 370, 373-375.)

While a failure to notify a lay person of the process for garnering relief from forfeiture and the time limits for seeking it is violative of the statute, "[m]ere reference to the code section may suffice for professional sureties who routinely work with the section and are presumably familiar with it. [Citation.]" (*Minor v. Municipal Court* (1990) 219 Cal.App.3d 1541, 1550; accord *People v. Accredited Surety & Casualty Co., Inc.* (2013) 220 Cal.App.4th 1137, 1141-1145 [Strict technical compliance with section 1305 notification requirement that it recite the statutory provisions under which it was issued and under which relief from forfeiture might be obtained not constitutionally required

11

where notice is sent to licensed insurer and professional surety which routinely works with section 1305].)

Here, the clerk of the court issued a notice of forfeiture of defendant's bail bond to both Surety and the bail agent at the addresses appearing on the bail bond. The notice contained the case number, defendant's name, the date the court entered forfeiture of the bail bond, the bond number, and the bond amount. The notice informed Surety of the statute under which the bail had been forfeited and the statute under which forfeiture could be set aside and the bond reinstated. The notice indicated Surety had 180 days from the date of forfeiture to take remedial action.

The bail agent acknowledged defendant's failure to appear at the hearing on May 30, 2012, which resulted in the court forfeiting defendant's bond. The bail agent declared he had received notice of the forfeiture on June 7, 2012. Surety, a licensed and professional surety which routinely works within the framework of section 1305 in issuing and enforcing bail bonds, received adequate notice of the forfeiture of defendant's bond reasonably calculated to inform it of the method for setting aside the forfeiture despite any apparent error in the clerk's inclusion of the five-day mailing period in the deadline listed in the notice of forfeiture. (*People v. Accredited Surety & Casualty Co., Inc., supra,* 220 Cal.App.4th at pp. 1141-1145 [Licensed insurer and professional surety which routinely worked within the framework of section 1305 in issuing and enforcing bail bonds not deprived of due process where forfeiture notice failed to cite statutory provisions under which forfeiture was being declared, failed to cite statutory provisions

12

under which relief from forfeiture might be obtained, and failed to state the time limits for seeking such relief.].) Indeed, Surety and the bail agent's statements that it had attempted to have the extension filed on the day of the deadline were strong indicators they were aware December 3, 2012, was the final day on which it could be filed. The court acted within its discretion in denying Surety's motion to set aside summary judgment on the forfeiture.

DISPOSITION

The judgment is affirmed. Respondent shall recover costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

McKINSTER

Acting P. J.

MILLER

J.

13