Filed 3/24/26  County of Orange v. U.S. Fire Insurance Co. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| COUNTY OF ORANGE, | |
| Plaintiff and Respondent, | G064964 |
| v. | (Super. Ct. No. 23HF0143) |
| UNITED STATES FIRE INSURANCE COMPANY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard E. Pacheco, Judge. Affirmed.

Law Offices of John Rorabaugh and John Mark Rorabaugh for Defendant and Appellant

Leon J. Page, County Counsel, and Suzanne E. Shoai, Deputy County Counsel, for Plaintiff and Respondent.

Defendant United States Fire Insurance Company (Surety) appeals a judgment entered after the trial court denied its request to vacate the forfeiture of a bail bond it had issued to secure a criminal defendant's attendance in court. Surety contends the trial court lacked jurisdiction to forfeit the bond when it did because it did not do so on two prior dates when the defendant failed to appear in court. We agree with plaintiff County of Orange (the County) that the trial court was not required to forfeit the bond on those prior dates, either because the defendant was not required to attend the hearing that was scheduled, or because there was sufficient cause for his nonappearance. The trial court therefore retained jurisdiction to forfeit the bond at a later date when the defendant was required to be present and failed to appear without justification. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2023, a criminal complaint was filed against Francisco Reyesgomez for one count of felony child abuse pursuant to Penal Code section 273a, subdivision (a) and two misdemeanor offenses.[1] After Reyesgomez pleaded not guilty to the charges, Surety filed a $100,000 bail bond to obtain his release from custody and secure his appearance before the court.

On February 27, 2023, Reyesgomez appeared in court with his appointed attorney for a pretrial hearing. At the hearing, the trial court set the preliminary hearing for March 10, 2023 and ordered Reyesgomez to return to court on that date.

When court convened on March 10, Reyesgomez was not present. His attorney stated she was appearing on his behalf pursuant to section 977,

---

[1] Unless noted otherwise, all further statutory references are to the Penal Code.

2

which allows a criminal defendant to waive his right to be personally present at some court proceedings. However, because that section does not allow a defendant to waive his appearance for a preliminary hearing (*id.*, subd. (b)(1)), the court questioned its applicability and asked why Reyesgomez was not in court. Defense counsel explained it was because the prosecutor had previously advised she was going to request the preliminary hearing be continued due to the unavailability of her witnesses.

The prosecutor confirmed that was true and told the trial court defense counsel likely obtained an appearance waiver from Reyesgomez earlier that day, knowing the preliminary hearing was going to be continued. Nevertheless, the court told the prosecutor, "It's probably better if we have everyone here." "Once a lawyer starts saying, 'You don't have to show up,' then that kind of detracts from the [c]ourt's order." The prosecutor responded, "Understood, Your Honor. I'm not sure what [defense counsel] communicated to her client, but I had previously informed her [the preliminary hearing] would not be going today." That turned out to be correct, as the court ultimately granted the prosecutor's request to continue the preliminary hearing for five days, to March 15, 2023.

When the case was called on the morning of March 15, defense counsel informed the trial court Reyesgomez was not present due to transportation issues. Defense counsel also stated the prosecutor had advised her that if the preliminary hearing was going to take place that day, it would not be until the afternoon. At that point, the court asked the prosecutor if she was ready to proceed, and she replied she had already answered ready for a preliminary hearing in another case. The court therefore continued Reyesgomez's preliminary hearing to that afternoon.

By the time the case was called that afternoon, however, the prosecution had filed an amended complaint against Reyesgomez, reducing the child abuse charge from a felony to a misdemeanor, pursuant to section 273a, subdivision (b). Because that reduction eliminated the need for a preliminary hearing, defense counsel told the trial court she had section "977 authority" from Reyesgomez and asked the court to arraign him on the amended complaint in his absence pursuant to that section. The court agreed to do so, and defense counsel entered a not guilty plea on Reyesgomez's behalf to the charges in the amended complaint. The court then set for pretrial hearing for May 18, 2023.

At the May 18 hearing, defense counsel again appeared on behalf of Reyesgomez pursuant to a section 977 waiver. The trial court continued the pretrial hearing to June 14, 2023 and ordered Reyesgomez to appear that date. Reyesgomez did not show up in court on June 14, and defense counsel offered no excuse for his nonappearance. At that point, the court ordered Reyesgomez's bail bond forfeited and issued a bench warrant for his arrest.

On November 6, 2023, Surety moved to vacate the forfeiture order. Surety argued the trial court lacked jurisdiction to issue the order because it had failed to forfeit the bond on two earlier dates—March 10 and 15, 2023—when Reyesgomez failed to appear in court. The County opposed the motion on the ground there was sufficient cause for Reyesgomez not to appear on those two dates.

The trial court agreed with the County. It determined: (1) Reyesgomez had sufficient cause not to appear on March 10, 2023, because the prosecutor had informed defense counsel it would be seeking to continue the preliminary hearing scheduled to take place that day; (2) Reyesgomez had sufficient cause not to appear on the morning of March 15,

4

2023 because, according to his attorney, he was having transportation problems that morning; and (3) Reyesgomez had sufficient cause not to appear on the afternoon of March 15, 2023 because the case had been reduced to a misdemeanor and his attorney appeared on his behalf under section 977.

The trial court therefore concluded its forfeiture order was not invalid for failing to forfeit the bond on those two days, and it denied Surety's motion to vacate the order. Summary judgment for the amount of the bond was entered against Surety on September 19, 2024.

## DISCUSSION

Surety renews its claim that the trial court's failure to order the bond forfeited on March 10 and 15, 2023 deprived it of jurisdiction to do so on a later date. We disagree.

## I.

### APPLICABLE LAW AND STANDARD OF REVIEW

"The forfeiture of bail and related proceedings are a matter of statutory procedure governed by sections 1305 through 1308." (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709.) Pursuant to section 1305, subdivision (a), "'A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required. . . .' . . . These two jurisdictional prerequisites—specifically, the defendant's failure to appear at an enumerated proceeding or on another occasion as 'lawfully required,' and the lack of a sufficient excuse for the defendant's nonappearance—must be met before the trial court may declare a forfeiture. [Citation.] If the court fails to declare a forfeiture at the time of the

5

defendant's unexcused absence, it is without jurisdiction to do so later. [Citations.] However, the trial court may continue a case for a reasonable period without ordering a forfeiture of bail or issuing a bench warrant, if it 'has reason to believe that sufficient excuse may exist' for the defendant's failure to appear." (*People v. Safety National Casualty Corp., supra,* 62 Cal.4th at pp. 709–710, italics omitted.)

Section 977 authorizes the defendant to waive his appearance for certain court appearances. (See *People v. American Bankers Ins. Co.* (1987) 191 Cal.App.3d 742, 747.) But those are not the only circumstances under which the defendant's nonappearance may be excused. So long as there is a rational basis for the trial court to believe there is sufficient cause for the defendant's failure to appear, the court may continue the proceedings without ordering his bail forfeited. (*People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 951–952; *People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 923.)

"'No rigid rules have been developed'" for what kind of showing will support a rational basis for a trial court's belief, "'and a case-by-case analysis is always performed.'" (*People v. Ranger Ins. Co.* (2005) 135 Cal.App.4th 820, 824.) Often, "'"the only reasons before the trial court are the evidence or representations furnished by defendant's counsel,"'" and the cases show that courts "'"have liberally relied on their representations."'" (*People v. Ranger Ins. Co., supra,* 108 Cal.App.4th at p. 952.)

"The determination whether an excuse is sufficient is a matter within the trial court's discretion." (*People v. Ranger Ins. Co., supra*, 108 Cal.App.4th at p. 952.) Under the abuse of discretion standard, "'[t]he trial court's findings of fact are reviewed for substantial evidence'" and "'its application of the law to the facts is reversible only if arbitrary and

6

capricious.'" (*County of Los Angeles v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 538, 543.)

II.

ANALYSIS

*A. The March 10, 2023 Hearing*

The parties dispute whether the trial court was required to forfeit Surety's bail bond when Reyesgomez failed to appear in court March 10, 2023. Although the trial court had ordered Reyesgomez to appear for his preliminary hearing that day, the County argues forfeiture was not required because the preliminary hearing did not actually take place due to the prosecution's request for a continuance.

The County relies on *People v. Indiana Lumbermens Mutual Ins. Co.* (2011) 194 Cal.App.4th 45 (*Indiana Lumbermens*), which examined whether forfeiture was required when the defendant failed to appear in court on the date his preliminary hearing was scheduled, even though the hearing was continued at the request of a party. In answering that question, the *Indiana Lumbermens* court found it significant that section 1305, subdivision (a), is worded to require forfeiture when the defendant fails to appear "'for'" certain proceedings, not simply when he fails to appear at the time or on the date the proceedings are "'set'" to take place. (*Indiana Lumbermens,* at p. 50.) Based on that distinction, the court ruled that if a proceeding is continued on the date it is set to occur for reasons unrelated to the defendant's nonappearance, the trial court is not required to forfeit his bail at that time. (*Id.* at pp. 50–51.) That is because the defendant's presence is not required under those circumstances. (*Ibid.*)

In reaching this conclusion, the *Indiana Lumbermens* court pointed out, "Although it is often said that section 1305 must be strictly

7

construed 'in favor of the surety' [citation], the gravamen of the rule is that the forfeiture statutes are to be strictly construed *to avoid forfeiture* [citation]." (*Indiana Lumbermens, supra*, 194 Cal.App.4th at p. 51.) The court determined this core principle would not be served if forfeiture was required based on a defendant's failure to appear for a hearing that was not going to take place. (*Ibid.*)

As part of its analysis, the *Indiana Lumbermens* court also distinguished *People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, upon which Surety relies here. In that case, the defendant not only failed to appear for a proceeding enumerated in section 1305, subdivision (a); the proceeding had to be continued *due to his nonappearance*. Under those circumstances, the trial court was required to forfeit his bail, and therefore its failure to do so divested it of jurisdiction to do so at a later date. (*Indiana Lumbermens, supra*, 194 Cal.App.4th at pp. 50–51.)

Here, the preliminary hearing scheduled for March 10, 2023 was continued at the prosecution's request; it was not delayed because of Reyesgomez's failure to appear. Therefore, the first requirement for forfeiture—the defendant's failure to appear for a proceeding he was lawfully required to attend—was not satisfied. As in *Indiana Lumbermens*, it would undermine the policy to avoid forfeiture to conclude otherwise.

Moreover, the record shows the prosecutor had informed defense counsel she was going to be seeking a continuance on March 10, 2023, due to the unavailability of her witnesses. In fact, defense counsel said that was the reason she was appearing on Reyesgomez's behalf pursuant to section 977. Although the trial court said, "It's probably better if we have everyone here," that remark was aimed at counsel, not Reyesgomez. There is nothing to suggest Reyesgomez was remiss for failing to appear or the court expected

him to appear under the circumstances. Because those circumstances provided the court sufficient grounds to excuse Reyesgomez's failure to appear, it was not required to forfeit his bail bond that day.

*B. The March 15, 2023 Hearings*

The same analysis applies to the court proceedings on the morning of March 15, 2023, the date to which Reyesgomez's preliminary hearing was continued. That morning, after the prosecutor informed the trial court she was unable to proceed, the hearing was continued to the afternoon. Because the hearing was continued through no fault of Reyesgomez, his failure to appear did not require the court to forfeit his bail bond at that time. (*Indiana Lumbermens, supra*, 194 Cal.App.4th at pp. 50–51.)

Furthermore, defense counsel informed the trial court Reyesgomez's nonappearance was the result of transportation issues he was having that morning. This provided a rational basis for the court to conclude there was sufficient excuse for Reyesgomez's failure to appear. (See *People v. Amwest Surety Ins. Co., supra*, 56 Cal.App.4th at pp. 925–926 [attorney's representation the defendant may have had to attend to an unspecified emergency was sufficient to justify his nonappearance at hearing]; *People v. National Automobile & Cas. Ins. Co.* (1977) 75 Cal.App.3d 302, 304–306 [hearsay allegation that defendant had been in a car accident was sufficient to justify his nonappearance at hearing].)

The case was in a different posture by the time the court convened for the preliminary hearing that afternoon. By then, the prosecution had filed an amended complaint that altered the nature of the primary charge against Reyesgomez. Instead of charging him with felony child abuse under section 273a, subdivision (a), the amended complaint alleged Reyesgomez committed misdemeanor child abuse in violation of

9

section 273a, subdivision (b), by willfully injuring and inflicting unjustifiable physical pain and mental suffering on Jane Doe, a child.

That amendment eliminated the need for a preliminary hearing. (See § 859b [the right to a preliminary hearing applies if the defendant pleads not guilty to "a felony"].) But the question remains: was Reyesgomez required to be in court when the court arraigned him on the amended complaint? The County contends defense counsel properly appeared on Reyesgomez's behalf pursuant to section 977. Surety insists Reyesgomez could not waive his right to appear under that section because, although he was only facing misdemeanor charges at that time, section 977 does not apply when the defendant is charged with a misdemeanor involving domestic violence. As we explain, the County has the better argument.

Section 977, subdivision (a)(1) provides, "In all cases in which the accused is charged with a misdemeanor only, they may appear by counsel only, except as provided in paragraphs (2) and (3)." Paragraph (2) states in relevant part, "If the accused is charged with a misdemeanor offense involving domestic violence, as defined in [s]ection 6211 of the Family Code . . . the accused shall be present for arraignment . . . ." (*Id.*, subd. (a)(2).)

Under Family Code section 6211, domestic violence is defined as "abuse perpetrated against any of the following persons: [¶] (a) A spouse or former spouse. [¶] (b) A cohabitant or former cohabitant . . . .[¶] (c) A person with whom the [perpetrator] is having or has had a dating or engagement relationship. [¶] (d) A person with whom the [perpetrator] has had a child . . . . [¶] (e) A child of a party or a child who is the subject of an action under the Uniform Parentage Act . . . . [¶] (f) Any other person related by consanguinity or affinity within the second degree." (*Ibid*.)

10

As the County correctly points out, the misdemeanor charge against Reyesgomez for child abuse simply describes his victim as a child. It does not allege his victim was one of the people included within Family Code section 6211's definition of domestic violence. Accordingly, Reyesgomez's personal appearance was not required at the arraignment on the charge, and defense counsel was entitled to appear on his behalf pursuant to section 977. That being the case, the trial court was not required to forfeit the bail bond at that time.

Because the trial court was not required to forfeit the bail bond on March 10 or 15, 2023, it retained jurisdiction to do so on June 14, 2023. Thus, the court did not err in denying Surety's motion to vacate forfeiture or in entering summary judgment against Surety for the amount of the bond.

DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to the Office of County Counsel, County of Orange. (§ 1305.3.)


GOODING, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


SCOTT, J.

11